UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:25-cv-10796-AB-MBK | Date: | September 1, 2026 |
|---|---|---|---|

Title: *Carol Teate et al. v. General Motors, LLC et al.*

Present: The Honorable **ANDRÉ BIROTTE JR., United States District Judge**

| Evelyn Chun | N/A |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Appearing | None Appearing |

**Proceedings: [In Chambers] ORDER GRANTING MOTION FOR REMAND [Dkt. No. 13]**

Before the Court is Plaintiffs Carol Teate and Anthony Clipper's ("Plaintiffs") Motion for Remand ("Motion," Dkt. No. 13). Defendant General Motors LLC ("Defendant") filed an opposition and Plaintiffs filed a reply. The Motion is **GRANTED**.

## I. BACKGROUND

Given the numerous similar motions for remand pending in cases filed by Plaintiffs' counsel Prestige Legal Solutions, P.C., against General Motors, LLC, the Court keeps its analysis brief.

Plaintiffs allege claims against Defendant arising out of their purchase of a 2018 Chevrolet Malibu ("Vehicle"). *See* First Amended Complaint ("FAC," Dkt. No. 1-1). Plaintiffs voluntarily dismissed certain claims from the FAC, such that at the time of removal, the only operative causes of action were for breach of warranty based on the Magnuson-Moss Warranty Act ("MMWA") (Count 5) and

the California Commercial Code (Count 6). *See* Notice of Removal ("NOR," Dkt. No. 1) 2:5-7. More than 30 days after Plaintiffs served either the Complaint or the FAC on Defendant, Defendant removed the action based on federal question jurisdiction, 28 U.S.C. § 1331, and on diversity jurisdiction, 28 U.S.C. § 1332.

Plaintiffs argue that Defendant's removal was untimely because removability was clear from the face of the original Complaint, which alleged a claim under the federal MMWA, and Defendant removed the action more than 30 days after being served with the Complaint. Plaintiffs also argue that removability was clear on the face of the FAC based on the MMWA claim, and Defendant removed more than 30 days after being served with the FAC. Plaintiffs also argue that Defendant's removal was improper because Defendant did not establish that the amount in controversy exceeds $50,000 as necessary to trigger federal question jurisdiction over an MMWA claim.[1]

## II. LEGAL STANDARD

### A. Removal

Generally, a civil action may be removed to the district court where the action is pending if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). A removing defendant "always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam).

District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, as well as civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between "citizens of different states," 28 U.S.C. § 1332. Section 1332 jurisdiction requires complete diversity, *i.e.*, that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996).

Section 1441 limits removal to cases where no defendant "properly joined and served . . . is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(a)(b)(2). Removal statutes are "strictly construe[d] against removal." *Gaus*, 980 F.2d at 566. Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Id*. Accordingly, the removing party bears a

[1] Plaintiff's arguments appear contradictory.

heavy burden of establishing original jurisdiction in the district court. *Id*.

### B. Timeliness of Removal

"[S]ection 1446(b) [of Title 28 of the U.S. Code] identifies two thirty-day periods for removing a case." *Carvalho v. Equifax Info. Servs.*, LLC, 629 F.3d 876, 885 (9th Cir. 2010). Where the complaint's removability is clear from the face of the "initial pleading," the first thirty-day removal period is triggered. *Id.*; *see also Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013) ("To avoid saddling defendants with the burden of investigating jurisdictional facts, we have held that 'the ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock under § 1446(b) to begin." (quoting *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 695 (9th Cir. 2005))).

Where the initial pleading does not reveal a basis for removal, a defendant has thirty days from the date it receives " 'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper." *Harris*, 425 F.3d at 693 (quoting 28 U.S.C. § 1446(b)).

## III. DISCUSSION

### A. Removal was Timely

Unfortunately, neither side set forth the entire chronology or all relevant facts, and they state some facts inaccurately.[2] For example, neither side clearly states what claims Plaintiffs pled in their original Complaint: Plaintiffs state that their original Complaint "alleg[es] breach of implied and express warranties under the (1) California Song-Beverly Consumer Warranty Act ('SBA') and (2) violations of the Magnuson-Moss Warranty Act ('Magnuson-Moss')," Mot. 1:3-9, and cites Yang Decl. ¶ 3 for this proposition, but the Yang Decl. states only that the Complaint alleges claims for "breach of implied and express warranties under the California Song-Beverly Consumer Warranty Act ('Song-Beverly' or 'the Act')." Yang Decl. ¶ 3. Nor does Defendant explain what claims the original Complaint asserted. And neither party supplied the Court with the original Complaint so it could ascertain this for itself. Because Plaintiff's assertions about whether the Complaint alleges an MMWA claim are contradictory, the Court **DENIES** the Motion for Remand insofar as it argues that removal was untimely

[2] The Court admonishes counsel for obscuring the necessary facts.

because the original Complaint disclosed federal question jurisdiction because it alleged a claim under the MMWA.

Plaintiffs also argue that removal was untimely based on the FAC, which does allege an MMWA claim, because Defendant removed more than 30 days after it was served with the FAC. This argument fails. MMWA claims trigger federal question jurisdiction only if the amount in controversy exceeds $50,000. 15 U.S.C. § 2310(d)(3)(B). Plaintiff's FAC does not allege an amount in controversy so it is indeterminate on that essential fact so the first 30-day period was not triggered. The second 30-day period is triggered if the defendant receives an "other paper" from which removability can be ascertained from the face of that document. Plaintiff identifies no such other paper that Defendant received, so the second 30-day period was not triggered.

In their Motion, Plaintiffs state that on December 2, 2024, before they filed suit, they served on Defendant a copy of the Vehicle Sales Agreement and all repair orders. *See* Mot. 1:24-27. But Plaintiffs make no argument based on this fact until the reply, where they fault Defendant for "fail[ing] to address [this] critical, undisputed fact." Reply 1:2-5. Plaintiffs argue that Defendant relied on these documents to claim that the amount on controversy is satisfied, therefore Defendant knew the amount in controversy was satisfied once either complaint was filed. Because Plaintiffs did not make this argument until their reply, it is untimely and the Court denies this aspect of the Motion on that basis. This argument is meritless in any event, because, as Defendant does in fact point out in the opposition, the Ninth Circuit has clearly held that a document received before the case was filed cannot trigger removal. *See Carvalho*, 629 F.3d at 886 ("we conclude that any document received prior to receipt of the initial pleading cannot trigger the second thirty-day removal period" and "reject Carvalho's suggestion that a pre-complaint document containing a jurisdictional clue can operate in tandem with an indeterminate initial pleading to trigger some kind of hybrid of the first and second removal periods.")

In sum, because neither 30-day removal period was triggered, Defendant was free to remove when it did based on its own investigation. *See Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125–26 (9th Cir. 2013) (a defendant may "remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines" and does so "within one year of the commencement of the action.") Accordingly, the Court **DENIES** Plaintiffs' Motion for Remand on the ground that removal was untimely.

## B. Defendant Has Not Established the Amount in Controversy

Plaintiffs argue that Defendant has not shown that the amount in controversy exceeds $50,000 as necessary to trigger federal jurisdiction over the MMWA claim.[3] The Court concludes that Defendant has not met its burden of showing that the amount in controversy exceeds $50,000.

The NOR states that the FAC seeks rescission of the contract, "benefit of the bargain" damages under California Commercial Code § 2713, and attorneys' fees. 15 U.S.C. § 2310(d)(2). *See* NOR 4:16-23. Neither the NOR nor Defendant's opposition make intelligible allegations or arguments showing that the $50,000 threshold is exceeded.

In the NOR, Defendant's allegations going to the amount in controversy are: "GM has estimated the purchase price for the subject 2018 Chevrolet Malibu to be $15,924. Further, after accounting for the estimated market value of the vehicle at the time that Plaintiffs learned of the alleged defect, incidental and consequential damages, and past and future attorney's fees [citation omitted], GM's preliminary investigation yielded an amount in controversy in excess of both the $50,000.00 and $75,000.00 thresholds necessary for diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) and federal question jurisdiction under the MMWA." NOR 4:24-5:6. It is not clear how the estimated $15,924 purchase price interacts with the calculation spelled out in § 2713, or how that calculation plus unspecified and unestimated incidental and consequential damages and attorneys' fees exceeds $50,000. As Plaintiff challenged these speculative allegations in the NOR, Defendant should have made a more robust showing in its opposition. It did not.

In its opposition, Defendant argues that Plaintiff is seeking "benefit of the bargain" damages under § 2713, which Defendant says means "Plaintiffs may receive so much of the price as has been paid, along with difference between the market price at the time when the buyer learned of the breach and the contract price, along with incidental and consequential damages." Opp'n 13:25-15:1. Defendant then estimates an amount based on the $26,040.00 suggested retail price

---

[3] Plaintiffs did not separately argue that Defendant did not establish the $75,000 amount in controversy necessary for diversity jurisdiction, but that argument necessarily follows from their argument that the MMWA's $50,000 threshold has not been established. The Court will therefore only address the MMWA's $50,000 amount in controversy.

for the vehicle and estimated financing terms, yielding an estimated total purchase price of $31,248. But § 2713, which is entitled "Buyer's damages for non-delivery or repudiation," defines "the measure of damages" as "the difference between the market price at the time when the buyer learned of the breach and the contract price together with any incidental and consequential damages"; this definition does not also include "so much of the price as has been paid." Section 2713 says nothing about recovering "so much of the price as has been paid." Defendant therefore has not established an amount of damages put in issue based on the market or contract price of the Vehicle, so the Court will disregard this component of the amount in controversy. Separately, the Court also finds Defendant's positions unreliable and unpersuasive because the NOR estimates the purchase price to be $15,924, while the opposition estimates it to be nearly double that, $31,248. Defendant does not explain this discrepancy and it further undermines the plausibility of either number. Finally, Defendant also states that "the fair market value was $11,899," an amount that "does not exceed the contract price and therefore, Plaintiffs are [sic] not likely to receive any additional value for 'benefit of the bargain' under § 2713." Opp'n 15:11-21. This essentially leaves Plaintiff with no priced-based damages under § 2713, although § 2713 also provides for recovery of incidental and consequential damages.

Plaintiff challenges the other damages amounts that Defendant estimates. These amounts are: $5,000 (incidental and consequential damages), $33,300 (attorneys' fees), and $9,500 (costs). The Court finds it unnecessary to adjudicate Plaintiff's challenges because even accepting Defendant's estimates, these amounts add up to only $47,800. Therefore, Defendant has not established that the amount in controversy exceeds $50,000 as necessary to establish federal jurisdiction based on the MMWA claim.

## C. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Remand is **GRANTED**. The Clerk of Court is **ORDERED** to remand this action to the Court from which it was removed.

**SO ORDERED.**